BEACON AUTO STORES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97821. Promulgated September 19, 1940.

*Fred L. Rosenbloom, Esq.*, for the petitioner.
*Bernard D. Daniels, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined the following deficiencies:

| Year | Income tax | Excess profits tax |
|---|---|---|
| 1934 | $348.27 | $127.15 |
| 1935 | 621.36 | 190.86 |

The only issue for decision is whether the Commissioner erred by including in income for each year amounts of undrawn salaries for the preceding year credited to surplus in the taxable years. The facts have been stipulated.

The petitioner was engaged in the retail auto supplies business during the taxable years. It reported its income upon an accrual method of accounting. The salaries authorized in January of the taxable years, the salaries credited upon the books, the amounts withdrawn during each year, and the remainders for 1933 and 1934 were as follows:

1933

| Name | Authorized and credited | Withdrawn | Remainder |
| --- | --- | --- | --- |
| Theodore Rovins | $3,640 | $2,634.41 | $1,005.59 |
| Bernard Rovins | 2,600 | 1,820.00 | 780.00 |
| Sue Greenberg | 988 | 260.00 | 728.00 |
| Total | 7,228 | 4,714.41 | 2,513.59 |

1934

| Name | Authorized and credited | Withdrawn | Remainder |
| --- | --- | --- | --- |
| Theodore Rovins | $5,200 | $2,617.48 | $2,582.52 |
| Bernard Rovins | 3,120 | 1,820.00 | 1,300.00 |
| Sue Greenberg | 988 | 468.00 | 520.00 |
| Total | 9,308 | 4,905.48 | 4,402.52 |

The net income reported for those years, after deducting the salaries authorized and credited, was $184.14 and $373.40. The individuals had the right to withdraw the salaries credited to them.

The undrawn amount of $2,513.59 for 1933 was extinguished in September 1934 by debits to the accounts of the three individuals and a credit to surplus. The undrawn amount of $4,402.52 for 1934 was extinguished in the same way on September 30, 1935. Undrawn salaries for 1935 were extinguished in similar fashion in 1936.

Theodore Rovins reported $2,600 as salary for 1933 and $5,200 as salary for 1934. He claimed credits of $3,700 for each year. Bernard Rovins filed no returns for 1933 and 1934 until December 4, 1937, when he reported the full amount credited to him for those years and no tax due after deducting credits of $2,900. Sue Greenberg had no income from other sources and filed no returns. She was unmarried.

Theodore Rovins owned 29 shares, Bernard Rovins 5 shares, and Sue Greenberg 1 share of the 37 outstanding shares of stock of the petitioner.

The Commissioner, in determining the deficiencies, included the $2,513.59 in income for 1934 and the $4,402.52 in income for 1935.

This petitioner, upon an accrual basis, claimed and was allowed deductions for salary obligations which later events showed it never had to meet by payments. Cf. *Chicago, Rock Island & Pacific Railway Co.*, 13 B. T. A. 988; modified, 47 Fed. (2d) 990; certiorari denied, 284 U. S. 618; *Charleston & Western Carolina Railway Co.*, 17 B. T. A. 569; *Houbigant, Inc.*, 31 B. T. A. 954; *Estate of William*

*H. Block*, 39 B. T. A. 338; affd., 111 Fed. (2d) 60. The Commissioner adjusted its accounts for income tax purposes when it appeared in the taxable years that the obligations would never have to be paid. The petitioner contends that payment of the undrawn salaries was gratuitously forgiven under circumstances which amounted to a contribution of capital without income tax significance, under *AutoStrop Safety Razor Co.*, 28 B. T. A. 621; affd., 74 Fed. (2d) 226. The record does not justify this factual conclusion. The stipulation merely states that the corporation extinguished the undrawn salary credits by a debit to the individual accounts and a corresponding credit to surplus account. The consistency of that practice and the disproportion in amounts compared to stockholdings are facts not without significance. Furthermore, the court in the recent case of *Helvering* v. *Jane Holding Corporation*, 109 Fed. (2d) 933, reversing 38 B. T. A. 960; certiorari denied, 310 U. S. 653, regarded as of primary importance the fact that, as here, the corporation had received the benefit of a deduction to which, in the light of later events, it was not entitled. The petitioner fails to make anything of importance out of the inconsistency of the individuals in reporting or failing to report the full amount credited to them.

*Decision will be entered for the respondent.*