*Decision will be entered under Rule 50.*

HOWARD PAPER COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100557.   Promulgated February 11, 1941.

*Samuel M. Sax, Esq.*, for the petitioner.
*Timothy G. Histon, Esq.*, for the respondent.

OPINION.

BLACK: Petitioner, in resisting the Commissioner's determination that the $3,750 in question was income to it in 1936 the year in which the stockholders canceled the indebtedness, relies upon the decision of the Second Circuit in *Auto Strop Safety Razor Co.* v. *Commissioner*, 74 Fed. (2d) 226, and the recent case of *In re Triple Z Products, Inc., Bankrupt*, decided by the United States District Court for the Southern District of New York on September 9, 1940.

The respondent relies upon *Helvering* v. *Jane Holding Corporation*, 109 Fed. (2d) 933; certiorari denied, 310 U. S. 653, and *Beacon Auto Stores, Inc.*, 42 B. T. A. 703, which followed *Helvering* v. *Jane Holding Corporation*. The decision of the court in the *Jane Holding Corporation* case reversed the decision of the Board reported in 38 B. T. A. 960. An examination of the Board's opinion in that case shows that we relied for our holding upon our decision in *AutoStrop Safety Razor Co.*, 28 B. T. A. 621; affd., 74 Fed. (2d) 226.

The petitioner, in insisting that our decision in *AutoStrop Safety Razor Co., supra*, was sound, and that the decision of the Second Circuit in affirming us was sound and should be followed in the instant case, points out that the court in the *Jane Holding Corporation* case, *supra*, distinguished the facts in that case from those present in the *AutoStrop Safety Razor Co.* case on the ground that in the latter the forgiveness of indebtedness by the stockholder was gratuitous, whereas in the *Jane Holding Corporation* case it was for a consideration and was not gratuitous.

In *Beacon Auto Stores, Inc., supra*, we discussed briefly the holding of the court in the *Jane Holding Corporation* case and in that connection we said:

* * * Furthermore, the court in the recent case of *Helvering* v. *Jane Holding Corporation* * * *, regarded as of primary importance the fact that, as here, the corporation had received the benefit of a deduction to which, in the light of later events, it was not entitled.

That was the point which the Board emphasized as of controlling importance. It is true, as petitioner points out, there are some differences in the facts of *Beacon Auto Stores, Inc., supra*, from

those which are present in the instant case, but we do not regard those differences as of sufficient importance to justify us in making a distinction between the two cases. In the *Beacon Auto Stores, Inc.*, case the taxpayer was on the accrual basis and accrued on its books as liabilities certain salaries to three of its officers and stockholders and took these accruals as deductions on its income tax return, but not all of the salaries were paid in the year when accrued. In the following year the unpaid portions of the salaries were, canceled by debits to the individuals and credits to the surplus of the corporation. This same procedure took place in three different years. On these facts we held as to the two taxable years which were before us that the sums canceled in the taxable years which had been deducted in the prior years for income tax purposes were income to the corporation in the years when canceled.

We think we must so hold as to the $3,750 canceled by the officers and stockholders in the instant case. Petitioner, on an accrual basis, took $3,750 as a deduction in 1935 and received the benefit of that deduction for an amount which it has never been called upon to pay and which in 1936 it became certain it would never be called upon to pay. It seems only reasonable that this should be taxable income to petitioner in 1936, the year in which it was determined that petitioner would never have to pay that which it had previously accrued and deducted. On this issue we hold in favor of the Commissioner.

*Decision will be entered for respondent.*